**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| FRANK E. MAHONEY, | : | |
| | : | NO. 16-14519 (MDC) |
| | : | **Hearing Date:  3/9/17** |
| Debtor. | : | **Time:  11:00 a.m.** |
| | : | **Courtroom #2** |

**DEBTOR'S MOTION TO RECONSIDER AND VACATE DISMISSAL OF THE**
**CHAPTER 13 BANKRUPTCY PURSUANT TO 11 U.S.C. §105**

Debtor, Frank E. Mahoney, by and through their undersigned counsel, hereby

moves this Honorable Court for an Order reconsidering and vacating dismissal of the

Debtor's Chapter 13 Bankruptcy Proceeding, and in support thereof, states the following:

1.    The Debtors commenced this case on June 25, 2016 by filing a

voluntary petition for relief under Chapter 13 of Title 11 of the United

States Code.

2.    Jurisdiction of the Bankruptcy Court to hear this motion is provided by 28

U.S.C. § 1334.

3.    This motion is filed by the Debtor under 11 U.S.C. § 105 to reconsider

dismissal of the Debtor's Chapter 13 Bankruptcy Proceeding and

Vacate the Order entered on February 2, 2017 (the "Dismissal

Order").

4.      The Debtor filed an initial chapter 13 plan on June 25, 2016.

5.      The Meeting of Creditors was held and concluded on August 31, 2016.

6.      The Debtor filed its first amended chapter 13 plan on October 5, 2016.

7.      Debtor's confirmation hearing was scheduled for **December 15, 2015** (the

"Confirmation Hearing").

8.      Pingora Loan Servicing, LLC ("Pingora") filed a Motion for Relief from

Stay to proceed to foreclose on the debtor's primary residence (the

"Pingora" Motion").   The hearing on the Pingora Motion was eventually

scheduled for **December 15, 2016**.

9.      The Confirmation Hearing and the Pingora Motion were scheduled for the

same date, **December 15, 2016**.

10.      The Trustee filed a Motion to Dismiss based on *inter alia*, unreasonable

delay on December 20, 2016 (the "Trustee's Motion to Dismiss"), and a

hearing on the Trustee's Motion was scheduled for **February 2, 2017**.

11.      Debtor filed a second amended chapter 13 plan on December 12, 2016

which Debtor believed resolved the issues raised by the Pingora Motion.

12.       Debtor's counsel and counsel for Pingora continued to negotiate and

resolve the nuances of the Pingora Motion.   Pingora's Motion was then

rescheduled for **February 9, 2017** while the parties discussed the filing of

a Stipulation to finally resolve the Pingora Motion.

13.      Since the Confirmation Hearing and the Pingora Motion had been

previously scheduled for the same date (December 15, 2015), Debtor's

counsel believed that the Trustee's Motion to Dismiss, as well as

Pingora's Motion and the Confirmation Hearing were all re-scheduled for

the same date, i.e., **February 9, 2017.**

14.    Due to Debtor's counsel belief (*albeit*, incorrectly) that both the Trustee's

Motion to Dismiss and Pingora's Motion were scheduled for the same date

and that Debtor's counsel was actively working to resolve Pingora's

Motion, Debtor's Counsel inadvertently overlooked the February 2, 2017

hearing date for the Trustee' Motion to Dismiss.

15.    The Confirmation Hearing and the Pingora Motion were <u>originally</u>

<u>scheduled for the same date </u>of December 15, 2016.  Debtor's counsel

believed that the dates for the (a) the Pingora Motion; (b) the Confirmation

Hearing and (c) the Trustee's Motion to Dismiss were therefore all

scheduled for the same date, i.e., **February 9, 2017.**

16.    Debtor's counsel maintains that the chapter 13 Trustee <u>traditionally</u>

<u>schedules</u> its hearings (namely, confirmation hearings, objections,

motions) on the same date to consolidate issues for the trustee, the Court

and the debtor.

17.    In this case, the Trustee's Motion was scheduled one week prior to the

hearing on the Pingora Motion, and as such, Debtor's counsel conflated

the dates since the Pingora Motion and the Confirmation Hearing had been

previously scheduled for the same date.

18.    Debtor has proposed a plan that will resolve the Pingora Motion.

19.      Debtor can file another amended plan to resolve other filed claims

pursuant to the Trustee's recommendations.

20.      The Debtors maintain that no creditors have been harmed by the slight

delay in confirming an amended chapter 13 plan.  Moreover, the Debtors

have been making consistent payments to the Chapter 13 Trustee.

WHEREFORE, the Debtors respectfully request this Honorable Court vacate the

Order dated February 2, 2017, dismissing the Debtors' Chapter 13 Bankruptcy

Proceeding and for such additional relief as may be just and proper.

Respectfully submitted:


*CENTER CITY LAW OFFICES, LLC*

By**: */s/Maggie S. Soboleski*
Pa. Id. No.: 88268
2705 Bainbridge Street
Philadelphia, PA 19146
Tele.: 215-620-2132
E-Mail: msoboles@yahoo.com
Attorney for the Movant/Debtor

Dated: February 8, 2017