United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Frank E. Mahoney
        Debtor

Case No. 16-14519-mdc
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2         User: Stacey         Page 1 of 1         Date Rcvd: Jun 21, 2017
                       Form ID: pdf900        Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 23, 2017.
db            +Frank E. Mahoney,    100 Verona Road,    Broomall, PA 19008-1426
cr            American Express Bank FSB,   c/o Becket and Lee LLP,   PO Box 3001,   Malvern, PA 19355-0701

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: bankruptcy@phila.gov Jun 22 2017 00:58:18   City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA 19102-1595
smg           E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 22 2017 00:57:59
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 22 2017 00:58:13   U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
                                                               TOTAL: 3

           ***** BYPASSED RECIPIENTS *****
NONE.                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 23, 2017                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 21, 2017 at the address(es) listed below:
        DENISE ELIZABETH CARLON   on behalf of Creditor   Pingora Loan Servicing, LLC
         bkgroup@kmllawgroup.com
        DENISE ELIZABETH CARLON   on behalf of Creditor   JPMORGAN CHASE BANK, N.A.
         bkgroup@kmllawgroup.com
        JACQUELINE M. CHANDLER   on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
         philaecf@gmail.com
        JOSHUA ISAAC GOLDMAN   on behalf of Creditor   Pingora Loan Servicing, LLC
         bkgroup@kmllawgroup.com,  bkgroup@kmllawgroup.com
        MAGGIE S SOBOLESKI   on behalf of Debtor Frank E. Mahoney msoboles@yahoo.com
        MATTEO SAMUEL WEINER   on behalf of Creditor   Pingora Loan Servicing, LLC bkgroup@kmllawgroup.com
        THOMAS I. PULEO   on behalf of Creditor   JPMORGAN CHASE BANK, N.A. tpuleo@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                      TOTAL: 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: Frank E. Mahoney | CHAPTER 13 |
| _Debtor_ | |
| Pingora Loan Servicing, LLC | |
| _Movant_ | |
| vs. | NO. 16-14519 MDC |
| Frank E. Mahoney | |
| _Debtor_ | |
| William C. Miller | 11 U.S.C. Section 362 |
| _Trustee_ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$16,750.75** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 1, 2016 through May 1, 2017 at $1,747.25/month |
| Suspense: | $5.50 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$16,750.75** |

2.      The Debtor shall cure the aforesaid arrearages in the following manner:

a). Within seven (7) days of the Court Order granting and/or approving of this Stipulation, Debtor shall file an Amended Chapter 13 Plan that provides for monthly plan payments from the Trustee to Movant to cure the post-petition arrearage of **$16,250.75**, together with the pre-petition arrears currently set forth in Movant's filed proof of claim in the amount of **$14,826.33** (notwithstanding any Trustee disbursements already made), for total plan payments to Secured Creditor in the amount of **$31,077.08**;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$16,250.75** along with the pre-petition arrears currently set forth in Movant's filed proof of claim in the amount of **$14,826.33**, for a total claim amount of **$31,077.08**;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due June 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,747.25 (or as adjusted

pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges

being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front &

back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the

terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default

with the Court and the Court shall enter an Order granting Movant immediate relief from the

automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default

with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this

agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to

seek reimbursement of any amounts not included in this stipulation, including fees and costs, due

under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 9, 2017        By:    /s/ Matteo S. Weiner, Esquire
                                 Matteo S. Weiner, Esquire
                                 KML Law Group, P.C.
                                 Main Number: (215) 627-1322
                                 Attorneys for Movant

Date: 5/24/17

Maggie S. Soboleski
Attorney for Debtor

Approved by the Court this 21st day of _____June_____, 2017. However, the court
retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman

No Objection: TRUSTEE without prejudice to any trustee rights or remedies