**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Frank E. Mahoney<br>　　　　　Debtor | CHAPTER 13 |
| Pingora Loan Servicing, LLC<br>　　　　　Movant<br>vs.<br>Frank E. Mahoney<br>　　　　　Debtor<br>William C. Miller<br>　　　　　Trustee | NO. 16-14519 MDC<br><br>11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$11,498.05** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 1, 2017 through September 1, 2017 at $1,747.25/month |
| Less Suspense Balance: | $16.45 |
| Plus Motion Fees & Costs: | $1,031.00 |
| **Total Post-Petition Arrears** | **$11,498.05** |

2. The Debtor shall cure the aforesaid arrearage in the following manner:

a). Debtor shall amend his Chapter 13 Plan in order to provide for plan payments to cure the post-petition arrearage of **$11,498.05**, together with the pre-petition arrearage currently set forth in Movant's proof of claim for which the Plan already provides. Debtor shall take any steps necessary to amend the Plan, including filing a motion to modify the plan post-confirmation, which Debtor shall do within seven (7) days of the court order approving of and/or granting this stipulation.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$11,498.05**, along with the pre-petition arrears currently set forth in Movant's filed proof of claim in the amount of **$14,826.33**, resulting in a new total claim amount of **$26,324.38**;

c). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due October 1, 2017 and continuing thereafter, Debtor shall maintain, and pay when due, the present post-petition contractual monthly mortgage payment of $1,747.25 (or as adjusted pursuant to the terms of the mortgage), which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed form of order filed with Movant's instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph, and hereinafter, refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

6. If the instant bankruptcy case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy case is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan, mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 20, 2017

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 9/25/2017

Maggie S. Soboleski
Attorney for Debtor

Date: 4/13/18

William C. Miller
Chapter 13 Trustee

*No position*
*without prejudice to any trustee rights or remedies*

Approved by the Court this ___ day of _____, 2018  However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman